# In the United States District Court
# for the District of Kansas

**United States of America**,
        Plaintiff,

v.                                                           Case No. 25-10062-01 EFM

**Chase Boyd**,
        Defendant.

## Sentencing Memorandum

    Chase Boyd respectfully asks the Court to accept the parties' Rule 11(c)(1)(C) plea agreement with its proposed sentence of 78-87 months imprisonment, followed by three years of supervised release. The Court's acceptance of this plea agreement serves the interests of justice and assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a), while also bringing certainty to the sentencing process and assuring that both Mr. Boyd and the government will benefit from the bargain they have struck.

    While Mr. Boyd will further address all the 18 U.S.C. § 3553(a) factors at his sentencing hearing, Mr. Boyd offers this sentencing memorandum to provide the Court with more information about one aspect of how this case has proceeded that supports the parties' proposed plea agreement, namely Mr. Boyd's early acceptance of responsibility. Though the Guidelines generally take into account whether a person has accepted responsibility, how quickly Mr. Boyd accepted responsibility, and the expenditure of resources doing so avoided, is worthy of additional consideration by the Court.

## I. Mr. Boyd's early acceptance of responsibility supports the Court's acceptance of the parties' plea agreement

Mr. Boyd was charged by federal complaint on April 17, 2025. D.E.1. Less than two months later, on June 13, 2025, Mr. Boyd notified the Court of his intent to plead guilty. D.E. 17. But the less than two months that elapsed from charge to a notice of intent to plead guilty does not fully tell the story of how quickly Mr. Boyd accepted responsibility.

Mr. Boyd made his initial appearance in this case on April 21, 2025. D.E. 4. Just three days later, Mr. Boyd, through counsel, communicated to the government that he was willing to plead guilty to the charge. Mr. Boyd filed no pretrial motions and he filed no motions to continue the pretrial motions deadline or the trial date. And the day after making that plea offer, Mr. Boyd waived his right to a detention hearing and his right to a preliminary hearing. D.E. 11, 12. By May 12, 2025, exactly three weeks after Mr. Boyd's initial appearance, the parties had reached an agreement on all the key terms in the Rule 11(c)(1)(C) plea agreement that the parties are now asking the Court to accept.

Mr. Boyd's choice to accept responsibility so quickly preserved valuable Court, prosecution, defense, and law enforcement resources. Although Mr. Boyd was ultimately indicted in this case, the parties reached a plea agreement prior to that indictment.[1] Mr. Boyd filed no pretrial motions and he filed no motions to continue the pretrial motions deadline or the trial date. Through the factual basis in the plea

---

[1] Even with reaching a plea agreement within three weeks of Mr. Boyd's initial appearance, it would have been difficult if not impossible to finalize the plea paperwork and schedule a change of plea hearing within the 30 days required by statute. *See* 18 U.S.C. § 3161(b).

2

agreement, Mr. Boyd admitted to the facts that provided the basis for the specific offense characteristics that contributed to the Guidelines range. And he has filed no objections to the presentence investigation report. As a result, once Mr. Boyd was charged, law enforcement has been able to focus their time and resources on other cases. Similarly, by accepting responsibility so quickly, counsel for both parties and the Court have avoided expending resources on motions to continue trial or other pretrial motions.

                              Respectfully submitted,

                              s/ Ellen Albritton
                              ELLEN ALBRITTON
                              Sup. Ct. No. 28978
                              Assistant Federal Public Defender
                              Federal Public Defender Office
                              301 N. Main, Suite 850
                              Wichita, KS 67202
                              Telephone: (316) 269-6170
                              Fax: (316) 269-6175
                              E-mail: Ellen_Albritton@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court on November 10, 2025, by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

A copy was sent via email to:

    Kyle Cullinan
    United States Probation Officer
    Kyle_Cullinan@ksp.uscourts.gov

                              s/ Ellen Albritton
                              ELLEN ALBRITTON, #28978